UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x

JACK ARGILA and TRUSTEES OF THE BRICKLAYERS AND TROWEL TRADES INTERNATIONAL PENSION FUND AND THE INTERNATIONAL MASONRY INSTITUTE,

Plaintiffs,

-against-

FAC CONSTRUCTION & PAINTING CORP., MOHAMMED TALIB, and RAJA RAZZAQ,

Defendants.
-----------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
24-cv-6340 (CBA) (SDE)

**AMON, United States District Judge:**

On October 10, 2025, Plaintiffs Jack Argila and the Trustees of the Bricklayers and Trowel Trades International Fund and the International Masonry Institute moved for default judgment against Defendants FAC Construction & Painting Corp., Mohammed Talib, and Raja Razzaq. (ECF Docket Entry ("D.E.") # 17). Defendants have not answered the complaint or otherwise defended this action, despite having been properly served, and despite entry of certificates of default against them by the Clerk of the Court. (D.E. ## 7, 8, 9, 12, 14). I referred the motion to the Honorable Seth D. Eichenholtz the same day it was filed. (See Text Order Dated October 10, 2025.) Now before me is Magistrate Judge Eichenholtz's Report and Recommendation recommending that I grant in substantial part Plaintiffs' Motion for Default Judgment. (D.E. # 26

("R&R").) No party has objected to Magistrate Judge Eichenholtz's R&R, and the time for doing so has passed.

For the following reasons, I adopt the R&R in full. Plaintiffs' motion is GRANTED in part and DENIED in part.

## BACKGROUND

Magistrate Judge Eichenholtz's R&R recounts in detail the facts of this case. As relevant here, Plaintiffs allege that Defendants were employers subject to a collective bargaining agreement, requiring payment of contributions and dues to several funds and organizations represented by Plaintiffs. (R&R at 2-4.) Defendants have failed to make these payments since May 1, 2022. (D.E. # 1 ("Compl.") ¶¶ 56, 58.)

Plaintiffs filed the complaint on September 10, 2024, pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 141, et seq., and the New York Lien Law, N.Y. Lien L. § 70. (Compl. ¶¶ 1, 88-116.) Plaintiffs seek to recover delinquent employer contributions, union assessments, and dues, as well as interest, liquidated damages, audit costs, attorneys' fees, and costs stemming from Defendants' failure to submit to an audit examination and remit costs, dues, and assessment to Plaintiffs. (Compl. ¶ 116.)

## DISCUSSION

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If there has been no objection to the R&R, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011)

(quoting Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). I find no clear error in Magistrate Judge Eichenholtz's R&R, to which no party has objected.

As Magistrate Judge Eichenholtz explained, "plaintiff[s] may move for default judgment [w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend an action," as it has done here. (R&R at 8 (quotations omitted) (citing Fed. R. Civ. P. 55(a)).) Magistrate Judge Eichenholtz has conducted a proper and thorough analysis of the defaulting defendants' liability, correctly noting that "prior to entering default judgment, a district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law," (id. (quoting TAGC Mgmt., LLC v. Lehman, Lee & Xu Ltd., 536 F. App'x 45, 46 (2d Cir. 2013) (internal quotations omitted))), and that, at this stage of default judgment, "the Court assumes that all of the plaintiff's factual allegations are true and draws all reasonable inferences in the plaintiff's favor," (id. (citing Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009))). Magistrate Judge Eichenholtz found Plaintiffs' allegations sufficient to establish Defendants' liability for failure to remit dues and pay contributions under ERISA, for failure to submit to an audit in violation of ERISA, and for failure to submit dues and assessments, in violation of LMRA. (R&R at 9-12.) Magistrate Judge Eichenholtz also held that these failures violated the Collective Bargaining Agreement. (Id.) I find no clear error in any of these determinations.

Nor do I find clear error in Magistrate Judge Eichenholtz's award of damages. As noted in in the R&R, "ERISA creates a 'mandatory right to interest, liquidated damages, and attorney's fees in any case in which a judgment in favor of the plan is awarded.'" (Id. at 13 (quoting Masino v. A to E, Inc., No. 07-CV-3462 (RML), 2009 WL 5184340, at *2 (E.D.N.Y. Dec. 21, 2009)).) And "LMRA damages are limited to those permitted in the relevant CBA and trust agreements."

Gesualdi v. Reid, No. 19-CV-4132 (LDH) (VMS), 2021 WL 8316386, at *6 (E.D.N.Y. Aug. 12, 2021)). Magistrate Judge Eichenholtz therefore properly analyzed Plaintiffs' submissions on damages, including declarations from George Duravcevic of Kobgo Associates Inc., who Plaintiffs retained to conduct an estimated audit of delinquent contributions, as well as relevant portions of the Collective Bargaining Agreement that entitle Plaintiffs to interest and additional damages for delinquent ERISA contributions. (R&R at 13-17.) Magistrate Judge Eichenholtz also properly analyzed Plaintiffs' request for attorneys' fees, noting that, while Plaintiffs are not entitled to the requested amount—which was based on a number of billed hours "multiples higher than those previously deemed excessive in this and nearby districts"—they are entitled to an amount reflecting a 50% reduction in those hours, which are justified by the record. (Id. at 25.) I find no clear error in any of these careful determinations or calculations, which are well documented in the R&R. (See id. at 20-26.)

**CONCLUSION**

For the foregoing reasons Magistrate Judge Eichenholtz's R&R is adopted in full. Plaintiffs' motion for default judgment is GRANTED in part and DENIED in part.

Plaintiffs are entitled to damages in the amounts set forth on pages 26 and 27 of Magistrate Judge Eichenholtz's R&R. The Clerk of the Court is respectfully requested to enter judgment.

SO ORDERED.

Dated: July 30, 2026
Brooklyn, New York

/s Carol Bagley Amon

Carol Bagley Amon
United States District Judge